STATE, Respondent, v. DOUGLAS, Appellant.

(*190* N. W. 1012.)

(File No. 5076.   Opinion filed December 12, 1922.)

**Criminal Law—Verdict—Rape—Failure of Verdict to Specify that
Defendant Was Guilty as Charged or to Specify the Degree of
the Crime Not Ground for Reversal.**

> In an action for rape, where the information clearly charged
> statutory rape in the second degree and nothing else, the fail-
> ure of the verdict of guilty to specify that the defendant was
> guilty "as charged in the information" or specify the degree
> of the crime of which he was guilty, **held** not ground for re-
> versal, where the defendant was sentenced to the penitentiary
> for only four years, in view of statute authorizing as punish-
> ment for second degree rape imprisonment for a period not ex-
> ceeding 20 years.

Appeal from Circuit Court, Hyde County; HON. J. H. BOT-TUM, Judge.

John Douglas was convicted of statutory rape, and, from judgment of conviction and order denying a motion for a new trial, he appeals. Judgment and order affirmed.

*Stephens & McNamee,* of Pierre, for Appellant.

*Byron S. Payne,* Attorney General, and *Vernon R. Sickel,* Assistant Attorney General, for Respondent.

ANDERSON, J. Defendant was informed against by the state's attorney of Hyde county, charging him with the crime of statutory rape, alleged to have been committed upon one Alberta Peter, then under the age of 18 years, she being of the age of 16 years, to which charge the defendant interposed a plea of not guilty, and pursuant thereto a trial was had in said county to a jury and which jury returned a verdict finding the defendant guilty. Pursuant to such conviction defendant was by the court sentenced to the state penitentiary of this state for a period of four years. From such judgment of conviction, together with the denial of defendant's motion for new trial, the defendant has appealed to this court.

It is contended by the appellant that the verdict of the jury was insufficient, in that it said "guilty" without specifying "as charged in the information," or any degree whatsoever. By reference to the information it appears that it charges the crime in these words:

"That, at the said time and place, the said Douglas, in and upon one Alberta Peter, then and there being a female person under the age of 18 years, to-wit, of the age of 16 years, and not the wife of said Douglas, willfully, unlawfully, and feloniously did make an assault upon her, the said Alberta Peter, then and there willfully, unlawfully and feloniously did ravish and carnally know her, the said Douglas being a male person over the age of 14 years."

From the foregoing it is clear that the information charges statutory rape in the second degree and nothing else. By reference to the record it appears that the defendant was sentenced to the penitentiary for a period of 4 years. By such sentence the defendant could not possibly have been prejudiced because the statute provides that the punishment for second degree rape shall

be imprisonment in the penitentiary for a period not exceeding 20 years.

The assignments of error are very voluminous. We have with much care examined each and all of them, and after such examination we are unable to discover any reversible error in the record.

The judgment and order appealed from are affirmed.

Note—Reported in 190 N. W. 1012. See American Key-Numbered Digest, Criminal Law, Key-No. 1175, 17 C. J. Sec. 3719.